**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **NICHIA CORPORATION,** | ) |
| | ) |
| Plaintiff, | )   C.A. No. 2:16-cv-1454 |
| | ) |
| v. | ) |
| | )   **Jury Trial Demanded** |
| **FEIT ELECTRIC COMPANY, INC.** | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Nichia Corporation ("Nichia"), by its undersigned counsel, with knowledge as to its own acts and status, and upon information and belief as to the acts and status of others, for its Complaint against defendant Feit Electric Company, Inc. ("Feit"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for patent infringement under the United States patent laws, 35 U.S.C. § 1, *et seq*. The accused products are LED lighting products that are imported into the United States, and/or made, used, sold, and/or offered for sale, in the United States, in the State of Texas, and in this judicial district, by defendant Feit. The LED devices in the accused lighting products infringe at least one of claims 1, 2, 4-8, 10, 12, 13, 15-20, and 22-24 of U.S. Patent No. 9,490,411 (the "'411 Patent"), which is owned for all purposes by Plaintiff Nichia.

2. By this lawsuit, Nichia seeks relief for Feit's past and ongoing infringement of Nichia's '411 Patent by virtue of Feit's incorporation of infringing LEDs into its products.

## THE PARTIES

3. Plaintiff Nichia Corporation is a corporation organized and existing under the laws of Japan, with its principal place of business at 491 Oka, Kaminaka-Cho, Anan-Shi, Tokushima, Japan 774-8601.

4. Defendant Feit Electric Company, Inc. ("Feit") is a corporation organized and existing under the laws of the State of California with its principal place of business at 4901 Gregg Rd., Pico Rivera, CA 90660. Feit may be served with process by serving its registered agent, Aaron Feit, at 4901 Gregg Rd., Pico Rivera, CA 90660. In 2014, Feit was the 8th leading light bulb brand in the United States.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Feit is subject to personal jurisdiction in this judicial district because Feit is present within, has minimum contacts with, and regularly conducts business in the State of Texas and the Eastern District of Texas.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

8. Among other things, Feit has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; Feit has sought protection and benefit from the laws of the State of Texas; Feit has solicited business in, transacted business within, and has attempted to derive financial benefit from residents of the State of Texas and this judicial district; and Nichia's cause of action arises directly from Feit's business contacts and other activities in the State of Texas and in this judicial district.

9. More specifically, the accused Feit LED lighting products have been imported into, offered for sale and sold by or on behalf of Feit in the Eastern District of Texas. In addition, the accused Feit lighting products have been, and continue to be, used in the Eastern District of Texas. Feit, directly and/or through its agents and intermediaries, has placed the products at issue in this lawsuit into the stream of commerce throughout the United States through established distribution channels, with the expectation and/or knowledge that they will be offered for sale, sold, and used in the State of Texas and in this judicial district.

10. Without limiting the foregoing, Feit allows dealers to request quotes for lighting products containing infringing LED devices through its website, www.feit.com/request-quote. Feit's automated distribution centers ship lighting products containing infringing LED devices within twenty-four hours throughout the United States, including in the Eastern District of Texas.

11. Feit's LED lighting products containing LED devices are sold in nationwide hardware, home improvement, and home goods stores located in the State of Texas and throughout this judicial district, including for example, The Home Depot, Lowe's, Target, Walmart retail stores, and Safeway supermarkets.

12. Feit has participated in patent-infringement lawsuits in judicial districts throughout the United States, including in the Eastern District of Texas.

## THE PATENT-IN-SUIT

13. U.S. Patent No. 9,490,411, entitled "Light Emitting Device, Resin Package, Resin-Molded Body, and Methods for Manufacturing Light-Emitting Device, Resin Package and Resin-Molded Body," was duly and lawfully issued by the U.S. Patent and Trademark Office on November 8, 2016. A true and correct copy of the '411 Patent is attached as Exhibit A. The '411 Patent is a continuation of Application No. 13/969,182, filed on August 16, 2013, which is

a continuation of Application No. 12/737,940, filed as Application No. PCT/JP2009/004170 on August 27, 2009, now Patent No. 8,530,250 (the "'250 Patent").

14. The '411 Patent lists Hirofumi Ichikawa, Masaki Hayashi, Shimpei Sasaoka, and Tomohide Miki as inventors.

15. Nichia is the owner of the '411 Patent by valid assignment from the inventors. Nichia owns all rights, title, and interest in the '411 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '411 Patent.

16. The Abstract of the '411 Patent provides as follows:

A method of manufacturing a light emitting device having a resin package which provides an optical reflectivity equal to or more than 70% at a wavelength between 350 nm and 800 nm after thermal curing, and in which a resin part and a lead are formed in a substantially same plane in an outer side surface, includes a step of sandwiching a lead frame provided with a notch part, by means of an upper mold and a lower mold, a step of transfer-molding a thermosetting resin containing a light reflecting material in a mold sandwiched by the upper mold and the lower mold to form a resin-molded body in the lead frame and a step of cutting the resin-molded body and the lead frame along the notch part.

## FEIT'S INFRINGING CONDUCT

17. Feit imports into the United States, and manufactures, uses, sells, and/or offers for sale in the United States, LED lighting products that incorporate LED devices that infringe at least claim 1 of the '411 Patent, which reads:

1. A light emitting device comprising:

a resin package comprising a resin part and a metal part including at least two metal plates, said resin package having four outer lateral surfaces and having a concave portion having a bottom surface; and

a light emitting element mounted on the bottom surface of the concave portion and electrically connected to the metal part,

wherein at least a portion of an outer lateral surface of the resin part and at least a portion of an outer lateral surface of the metal part are coplanar at an outer lateral surface of the resin package,

wherein both a part of the metal part and a part of the resin part are disposed in a region below an upper surface of the metal part, on four outer lateral surfaces of the resin package, and

wherein a notch is formed in the metal part at each of the four outer lateral surfaces of the resin package.

18.     The LED devices in the Accused LED lighting products – including, for example, the Feit Electric 800 Lumen 3000K Dimmable LED, item number BPOM60/830/LED(V2); LED Shop Light, item number 73992/GV, 4100K Tube, item number T96/841/LED; Dimmable Warm White LED Bulb, item number LA19DM/GU24/LEDG2(#599127); and 40W Equivalent Soft White Smart LED Bulb, item number CFC/300/LED/HBR – are light emitting devices that include a resin package comprising a resin part and a metal part including at least two metal plates.  In addition, in the LED devices found in the Accused LED lighting products, the resin package has four outer lateral surfaces, a concave portion having a bottom surface, and a light emitting element mounted on the bottom surface of the concave portion and electrically connected to the metal part.  In these LED devices, at least a portion of an outer lateral surface of the resin part and at least a portion of an outer lateral surface of the metal part are coplanar at an outer lateral surface of the resin package. Moreover, both a part of the metal part and a part of the resin part are disposed in a region below an upper surface of the metal part, on four outer lateral surfaces of the resin package.  In addition, in these LED devices, a notch is formed in the metal part at each of the four outer lateral surfaces of the resin package.  Further, the LED devices in the Accused LED lighting products also include the additional elements of at least one of claims  2, 4-8, 10, 12, 13, 15-20, and 22-24 of the '411 patent.

19.     Feit, directly and/or through intermediaries and agents, imports into the United States, and manufactures, uses, sells, and/or offers for sale in the United States, including in this

judicial district, lighting products, such as the CFC/300/LED/HBR bulb, for example, that incorporate the infringing LED devices.

## COUNT I
### (Infringement of U.S. Patent No. 9,490,411)
### (35 U.S. C. § 271(a))

20. Nichia repeats and re-alleges each and every allegation of paragraphs 1-19 as if fully set forth herein.

21. The '411 Patent is valid and enforceable.

22. By its importation into the United States, and manufacture, use, sale and/or offer for sale in the United States, of lighting products that incorporate infringing LED devices, including but not limited to, for example, the Feit Electric 800 Lumen 3000K Dimmable LED, item number BPOM60/830/LED(V2); LED Shop Light, item number 73992/GV, 4100K Tube, item number T96/841/LED; Dimmable Warm White LED Bulb, item number LA19DM/GU24/LEDG2(#599127); and 40W Equivalent Soft White Smart LED Bulb, item number CFC/300/LED/HBR, Feit has been and is now infringing, literally or under the doctrine of equivalents, at least claims 1, 2, 4-8, 10, 12, 13, 15-20, and 22-24 of the '411 Patent, in the State of Texas, in this judicial district, and elsewhere, in violation of 35 U.S.C. § 271(a).

23. Feit's actions are without the consent of Nichia.

24. Nichia has been and will continue to be damaged by Feit's infringement of the '411 Patent.

25. Nichia and has been and will continue to be irreparably harmed unless Feit's infringement of the '411 Patent is enjoined.

## JURY DEMAND

26.     Nichia hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nichia Corporation prays that the Court enter judgment against Defendant Feit and in favor of Nichia, as follows:

A. Finding that the '411 Patent was duly and lawfully issued, and is valid and enforceable.

B. Finding that Feit has infringed one or more of the claims of the '411 Patent;

C. Awarding damages to Nichia in accordance with 35 U.S.C. § 284 and 35 U.S.C. § 154(d), including pre-judgment and post-judgment interest, to compensate Nichia for Feit's infringement of the '411 Patent;

D. Ordering preliminary and permanent injunctive relief restraining and enjoining Feit and its officers, agents, attorneys, employees, and those acting in privity or active concert with Feit, from infringement of the '411 Patent for the full term thereof;

E. Finding that this case is exceptional pursuant to 35 U.S.C. § 285;

F. Awarding Nichia its costs and attorneys' fees; and

G. Awarding Nichia such other and further relief as this Court deems just and proper.

DATED:  December 27, 2016          Respectfully submitted,

By:  */s/ Otis Carroll*
Otis Carroll, State Bar No. 03895700
otiscarroll@icklaw.com
Collin Michael Maloney -- State Bar No. 00794219
cmaloney@icklaw.com
IRELAND CARROLL & KELLEY

        6101 S Broadway, Suite 500
        Tyler, TX 75703
        Tel: (903) 561-1600
        Fax: (903) 581-1071
        Email: fedserv@icklaw.com

        and

        ROTHWELL, FIGG, ERNST & MANBECK, P.C.
        Robert P. Parker*
        Martin M. Zoltick*
        Steven P. Weihrouch*
        Jenny L. Colgate*
        Michael H. Jones*
        Daniel McCallum*
        Nechama E. Potasnick*
        Mark T. Rawls*
        607 14th Street, N.W. – Suite 800
        Washington, D.C.  20005
        Tel:  (202) 783-6040
        Fax:  (202) 783-6031
        Email:  NichiaLIT@rfem.com

        *Attorneys for Plaintiff*

*Applications for admission *pro hac vice* to be filed in due course.